```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

JACQUELINE HOLLOWAY;
JUSTIN HOLLOWAY;
JASMINE HOLLOWAY;
CANDICE DODSON, individually and on
behalf of SHYLAH LEE, JAMEA GRAVES
and STARR DODSON                                          PLAINTIFFS

            v.            Civil No. 06-6002

CITY OF HOT SPRINGS, ARKANSAS;
BRIAN KECK; and RICHARD NORRIS                            DEFENDANTS

## MEMORANDUM OPINION

NOW on this 14th day of March, 2007, the above referenced matter comes on for this Court's consideration of the **Motion for Summary Judgment** (document #36) of separate defendants Brian Keck and Richard Norris. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. The plaintiffs, Jacqueline Holloway, Justin Holloway, Jasmine Holloway, and Candice Dodson, individually and on behalf of Shylah Lee, Jamea Graves, and Starr Dodson, commenced this action on January 31, 2006. The plaintiffs then filed an amended complaint on March 10, 2006, and a second amended complaint on July 12, 2006 (hereinafter collectively referred to as the "complaint"). According to the complaint, the plaintiffs claim that their constitutional rights were violated when the defendants searched a residence, located at 421 South Street, Hot Springs, Arkansas, "in violation of plaintiffs' collective rights to be

free of unreasonable searches and seizures under the 4th Amendment to the U.S. Constitution." (Document # 1, ¶ 4).

Separate defendants Brian Keck ("Keck") and Richard Norris ("Norris") filed their motion for summary judgment with this Court on February 2, 2007. The plaintiffs responded to the motion for summary judgment on February 16, 2007; and, the separate defendants filed a reply brief with respect to the plaintiffs' response on February 21, 2007.

2. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

3.   For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

*   During all times relevant, separate defendants Keck and Norris were employed as police officers with the Hot Springs Police Department.

*   On July 2, 2003, Keck and Norris were assigned to the 18th East Judicial District Drug Task Force.

*   On July 2, 2003, Keck prepared and signed an affidavit in support of an application for a search warrant for the premises described in the affidavit and subsequently in the warrant as the " . . . property known as 621 South Street Hot Springs, Arkansas, described as a white single dwelling with a grey shingled roof and red brick base with a partial screened in porch facing north on the south east corner of the intersection of Fifth and South

Street."

\*      Upon arriving at the location described in the warrant, Keck and Norris discovered that the numeric street address of the premises was 421 rather than 621.

\*      Norris contacted the Garland County prosecuting attorney with that information and was advised to proceed with the search.

\*      Keck and Norris then proceeded to carry out a search of the interior of the premises and an automobile in the rear thereof.

\*      Preparatory to and throughout the conduct of the search, all of the occupants of the premises had been secured on its screened front porch by other members of the search team without participation by Keck or Norris.

\*      During the search, neither Keck nor Norris had any contact with any plaintiff.

4.      Separate defendants Keck and Norris have asserted the defense of qualified immunity.  The Court will address this issue first.

According to the United States Supreme Court in Harlow v. Fitzgerald, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  457 U.S. 800, 818 (1982).  Where a defendant

seeks qualified immunity, a ruling on that issue should be made so that the cost and expenses of trial are avoided where the defense is dispositive, Saucier v. Katz, 533 U.S. 194 (2001), because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. According to the Eighth Circuit Court of Appeals, qualified immunity triggers a three-prong inquiry:

> (1) whether the plaintiffs have asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiffs, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.

Burnham v. Ianni, 119 F.3d 668, 673 -674 (8th Cir. 1997)(en banc).

The plaintiffs have asserted that their constitutionally protected rights were violated when the defendants conducted a search of a residence located at 421 South Street in Hot Springs, Arkansas. The plaintiffs argue that the search was performed without a valid search warrant because the search warrant listed the property address as 621 South Street, rather than 421 South Street. However, despite plaintiffs' claims, from the undisputed facts presented by the pleadings of the parties, separate

defendants Keck and Norris are clearly entitled to qualified immunity.

According to controlling case law from the Eighth Circuit Court of Appeals,

> [t]o be sufficiently particular, a search warrant must include enough description so that an officer executing the search can reasonably ascertain and identify the target of the search with no reasonable probability of searching another premises in error. . . . Mere technical errors in particularity are not enough to invalidate a search warrant.

U.S. v. Valentine, 984 F.2d 906, 909 (8th Cir. 1993).

The warrant in question identified the location of the search as "the property known as 621 South St., Hot Springs, Arkansas, described as a white single dwelling with a grey shingled roof and red brick base with a partial screened in porch, facing north on the south east corner of the intersection of Fifth and South street." (Exhibit B to document #36) Although just prior to executing the warrant, Keck and Norris noticed that the correct numerical address of the property was *421* rather than *621*, the search warrant certainly included "enough description so that an officer executing the search [could] reasonably ascertain and identify the target of the search with no reasonable probability of searching another premises in error." Id.

Because the Court finds that the search was conducted pursuant to a valid warrant, it follows that the plaintiffs cannot satisfy the first prong of the test mentioned in Burnham, supra,

because, they have failed to assert a constitutional violation. For that reason, Keck and Norris are entitled to qualified immunity and their motion for summary judgment should be **granted.**

**IT IS, THEREFORE, ORDERED** that the **Motion for Summary Judgment** (document #36) should be, and it hereby is, **granted** for reasons stated herein.

**IT IS FURTHER ORDERED** that, in light of the foregoing ruling, plaintiffs' complaint against **Brian Keck and Richard Norris** should be, and it hereby is, dismissed.  By separate order of even date herewith, judgment will be entered accordingly.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE