```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

JACQUELINE HOLLOWAY;
JUSTIN HOLLOWAY;
JASMINE HOLLOWAY;
CANDICE DODSON, individually and on
behalf of SHYLAH LEE, JAMEA GRAVES
and STARR DODSON                                      PLAINTIFFS

              v.           Civil No. 06-6002

CITY OF HOT SPRINGS, ARKANSAS;
BRIAN KECK; and RICHARD NORRIS                        DEFENDANTS

## MEMORANDUM OPINION

NOW on this 15th day of March, 2007, the above referenced matter comes on for this Court's consideration of the **City of Hot Springs' Motion for Summary Judgment** (document #38). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. The plaintiffs, Jacqueline Holloway, Justin Holloway, Jasmine Holloway, and Candice Dodson, individually and on behalf of Shylah Lee, Jamea Graves, and Starr Dodson, commenced this action on January 31, 2006. The plaintiffs then filed an amended complaint on March 10, 2006, and a second amended complaint on July 12, 2006 (hereinafter collectively referred to as the "complaint"). According to the complaint, the plaintiffs claim that their constitutional rights were violated when the defendants searched a residence, located at 421 South Street, Hot Springs, Arkansas, "in violation of plaintiffs' collective rights to be

free of unreasonable searches and seizures under the 4th Amendment to the U.S. Constitution." (Document # 1, ¶ 4).

Separate defendant the City of Hot Springs ("Hot Springs") filed its motion for summary judgment with this Court on February 7, 2007. The plaintiffs responded to the motion for summary judgment on February 16, 2007; and, Hot Springs filed a reply brief with respect to the plaintiffs' response on February 20, 2007.

2. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

3.   For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

*   On July 2, 2003, Investigator Brian Keck prepared and signed an affidavit in support of an application for a search warrant for the premises described in the affidavit and subsequently in the warrant as the " . . . property known as 621 South Street Hot Springs, Arkansas, described as a white single dwelling with a grey shingled roof and red brick base with a partial screened in porch facing north on the south east corner of the intersection of Fifth and South Street."

*   A search warrant was issued based upon the Affidavit for Warrant.

*   On July 2, 2003 at approximately 9:15 p.m. the search warrant was executed at the home of Jacqueline Holloway. Druing

-3-

the course of the search, the occupants of the residence were moved to the screen porch by members of the SWAT team. The occupants included, but were not limited to, Jacqueline Holloway, Justine Holloway, and Candice Dodson.

* While on the porch, Sergeant Gregor ordered Jacqueline Holloway, who was positioned in a wheelchair, to move out of the way of the entrance of the house. At some point, Jacqueline Holloway exited her wheelchair.

* Upon arriving at the location described in the warrant, police officers Brian Keck and Richard Norris discovered that the numeric street address of the premises was 421 rather than 621.

* Richard Norris contacted the Garland County prosecuting attorney with that information and was advised to proceed with the search.

* Keck and Norris then proceeded to carry out a search of the interior of the premises and an automobile in the rear thereof.

4. Separate defendant the City of Hot Springs has moved for summary judgment, arguing that the plaintiffs have failed to set forth a basis for municipal liability under 42 U.S.C. § 1983. Alternatively, Hot Springs argues that no violation of a constitutional right has occurred.

Political subdivisions may be liable under 42 U.S.C. § 1983 only where the municipality's policy or custom deprives persons

of their constitutionally or federally protected rights. <u>Monell v. Dept. of Social Serv.</u>, 436 U.S. 658 (1978). In this context, a plaintiff must establish the existence of an unconstitutional policy or custom and a sufficient causal link between the policy or custom and the constitutional deprivation. <u>Id</u>. at 690-94. Unconstitutional policies or customs can take essentially three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making decision. <u>Garrison v. Burke</u>, 165 F.3d 565, 571-72 (7th Cir 1999)(citations omitted).

A municipal policy may be evidenced by a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body. <u>St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988). To be actionable, the challenged action or inaction must have been taken pursuant to a policy adopted by the official responsible under state law for making policy in that area of the municipality's business. <u>Id</u>. at 123.

A municipal custom may be established by showing: (1) the existence of a continuing widespread, persistent patter of unconstitutional misconduct by the municipality's employees; (2)

-5-

deliberate indifference to or tacit authorization of such conduct by the municipality's policymaking officials after notice of that misconduct; and (3) that the custom was the "moving force" behind the constitutional violation suffered.  Jane Doe A v. Special School Dist., 901 F.2d 642, 646 (8th Cir. 1990); *see also* Board of Comm'rs v. Brown, 520 U.S. 397, 400 (1997).  A single incident normally does not suffice to prove the existence of a municipal custom.  Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)(plurality opinion).

The plaintiffs have failed to assert or argue that a policy or custom of the City of Hot Springs caused a constitutional violation.  Instead, they argue that Hot Springs is liable, vicariously, for the actions of its "agents."  The Court rejects that contention because "it is well settled that § 1983 does not impose respondeat superior liability." Hughes v. Stottlemyre, 454 F.3d 791, 798 (8th Cir. 2006)(citing Crawford v. Davis, 109 F.3d 1281, 1284 (8th Cir. 1997)).  For that reason, Hot Springs is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that the **City of Hot Springs' Motion for Summary Judgment** (document #38) should be, and it hereby is, **granted** for the reasons stated herein.

**IT IS FURTHER ORDERED** that, in light of the foregoing ruling, plaintiffs' complaint against **Hot Springs** should be, and it hereby

is, dismissed.  By separate order of even date herewith, judgment will be entered accordingly.

**IT IS SO ORDERED.**

>/s/ Jimm Larry Hendren
>JIMM LARRY HENDREN
>UNITED STATES DISTRICT JUDGE